# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| MARY R. GARRINGER and | ) | Case No. 05-31397 |
| JAMES R. GARRINGER, | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| NORMAN E. ROUSE, Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adversary No. 06-3021 |
| | ) | |
| GENERAL MOTORS ACCEPTANCE | ) | |
| CORP. / GMAC MORTGAGE CORP., et al. | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Despite the tenacity and creativity with which GMAC Mortgage Corp. ("GMAC") has defended this adversary proceeding, the facts are unremarkable and the issues arising from those facts are straightforward and easily resolved by reference to well-established principles of law.

GMAC lent money to the Debtors prepetition and intended to secure that indebtedness with a deed of trust on certain of the Debtors' real property ("Real Property"). However, GMAC failed to record that deed of trust until after the Debtors filed bankruptcy, and the Trustee now asserts a superior interest in the Real Property pursuant to 11 U.S.C. § 544 and seeks to avoid GMAC's late-filed deed of trust pursuant to § 549.

With regard to the Trustee's § 544 claim, GMAC argues that the Trustee's interest in the Real Property as a judgment lien creditor under § 544 is junior to GMAC's interest arising from its unrecorded deed of trust because (a) judgment lien creditors lose to holders of unrecorded deeds of trust under Missouri law, and (b) only a bona fide purchaser of the Real Property would trump an unrecorded deed of trust, and the Trustee should not be considered a bona fide purchaser because the Debtors' bankruptcy schedules put him on notice of GMAC's putative interest in the Real Property. With regard to the Trustee's § 549 claim, GMAC argues that the judicially-created "earmarking" doctrine prevents the Trustee from avoiding GMAC's deed of trust.

Although Missouri law lends some support to GMAC's first argument that a judgment lien creditor loses to the holder of an unrecorded deed,[1] GMAC's other arguments are without merit.

**BACKGROUND**

The parties stipulated to the following facts:

1. The Debtors, Mary R. Garringer and James R. Garringer, filed for relief under chapter 7 of the Bankruptcy Code on September 7, 2005.

2. Plaintiff Norman E. Rouse is the duly appointed trustee ("Trustee") of the bankruptcy estate.

3. Defendant General Motors Acceptance Corporation / GMAC Mortgage Corporation is a lending institution doing business in the state of Missouri.

4. On February 22, 2003, the Debtors executed a deed of trust in favor of First Star Bank, N.A. ("First Star") securing the repayment of a promissory note in the original principal amount of $41,250.00. This deed of trust was recorded in the office of the Recorder of Deeds for Barry County, Missouri, on March 4, 2003, and was a first deed of trust on the Real Property.

5. Some time before July 16, 2003, GMAC Mortgage, by and through its assignors, agreed to loan the Debtors $64,800.00, the repayment of which would be secured by a first deed of trust on the Real Property. A condition of the loan was that a portion of it would be used to pay off the Debtors' note to First Star and that First Star would release its deed of trust on the Real Property.

6. On or about July 16, 2003, the agreement between the Debtors and GMAC Mortgage closed. GMAC Mortgage lent the Debtors $64,800.00, and the Debtors signed a deed of trust on the Real Property to secure the loan. This deed of trust was never recorded.

7. As agreed, GMAC Mortgage paid First Star $40,598.08 in full payment of the promissory

---

[1] With regard to unrecorded deeds, Mo. Rev. Stat. § 442.400 provides that "no such instrument in writing shall be valid, except between the parties thereto, and such as have actual notice thereof, until the same shall be deposited with the recorder for record." In 1851, the Missouri Supreme Court limited the application of §442.400 to parties with an "interest" in the real property at issue and determined that judicial lien creditors who have not executed on their judgment do not have any interest in the real property, and, therefore, cannot prevail over an unrecorded deed of trust. *Davis v. Owenby*, 14 Mo. 170 (Mo. 1851). *See also*, *State of Missouri v. Composition Roofers Local No. 2*, 607 S.W.2d 742, 745 (Mo. Ct. App. 1980) (discussing *Davis* with approval)). The Trustee contends that *Davis* and *Composition Roofers* are inapposite because they both involve a judicial lien creditor's challenge to an unrecorded warranty deed given to a purchaser of real estate, not a challenge to a deed of trust obtained by a creditor to secure an obligation, and, moreover, § 544 should be interpreted as giving a trustee the status of a judicial lien creditor who has already executed on his lien. Because the Court finds that the Trustee prevails under the "hypothetical bona fide purchaser of real property" prong of § 544, it does not need to decide whether the trustee's status as a hypothetical judicial lien creditor is sufficient to prevail against GMAC's unrecorded deed of trust.

      note secured by its deed of trust on the Real Property, and First Star released its deed of trust by executing a full deed of release and filing same in the office of Recorder of Deeds for Barry County, Missouri, on August 11, 2003.

8. On September 21, 2005, fourteen days after the Debtors filed their bankruptcy petition, the Debtors signed and filed in the office of the Recorder of Deeds for Barry County, Missouri, a deed of trust in favor of GMAC dated July 16, 2003.

9. At all times relevant hereto, the debtors were the owners of the Real Property by virtue of a Missouri Warranty Deed dated March 22, 1990, and filed on March 26, 1990, in Book 391, at Page 146 in the Office of the Barry County Recorder of Deeds.

## ANALYSIS

**A.**    **GMAC's Unrecorded Deed of Trust is Avoidable Under § 544.**

Section 544 confers on a trustee, "as of the commencement of a bankruptcy case, *without regard to any knowledge of the trustee or of any other creditor*, the rights and powers of, and may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by..." a judicial lien creditor or bona fide purchaser of real property, "*whether or not such a creditor or purchaser exists.*"[2]

As noted above, under Missouri law the interest of a bona fide purchaser of real property is superior to the interest of a holder of an unrecorded deed of trust.[3] GMAC essentially concedes this. Nevertheless, GMAC argues that the Trustee does not qualify as a bona fide purchaser because the Debtors' bankruptcy schedules put him on notice of GMAC's putative interest in the Real Property.[4]

This argument inexplicably ignores the plain language of § 544, which provides that as of the commencement of the case the trustee has the rights of a bona fide purchaser of real property "without regard to any knowledge of the trustee or of any other creditor" and without regard to "whether or not such a creditor or purchaser exists." Based on the clear statutory language, the Court finds that the Trustee possesses all of the rights accorded to a bona fide purchaser of real

---

[2] 11 U.S.C. §544 (emphasis added).

[3] *Davis v. Owenby*, 14 Mo. at *6 (Mo. 1851).

[4] A bona fide purchaser is one who pays a valuable consideration, acts in good faith, and has no notice of any outstanding rights of others. *See Johnson v. Stull*, 303 S.W.2d 110, 118 (Mo. 1957).

3

property, and those rights under Missouri law include the ability to avoid GMAC's interest in the Real Property pursuant to § 544.[5]

### B.    GMAC's Postpetition Deed of Trust is Avoidable Under § 549.

Section 549 gives a trustee the authority to avoid a transfer of property of the estate that occurs after the commencement of a case.[6]  GMAC concedes that the Debtors owned the Real Property as of the commencement of the case and that the Real Property became property of the bankruptcy estate.[7]  The recording of a deed of trust on property of the estate constitutes a transfer of estate property.  Therefore, GMAC's postpetition recording of a deed of trust constitutes a postpetition transfer of property of the estate avoidable under § 549.

GMAC advances the "earmarking" doctrine to shield the postpetition deed of trust from avoidance under § 549.  The earmarking doctrine is a judicially created exception to 11 U.S.C. § 547 – *not* § 549 – and derives from the statutory requirement that in order for a transfer to be deemed preferential it must be "of an interest of the debtor in property."[8]  The doctrine has three basic requirements: "(1) the existence of an agreement between the new lender and the debtor that the new funds will be used to pay a specified antecedent debt; (2) the performance of the agreement according to its terms; and (3) the transaction viewed as a whole (including the transfer of the new funds and the transfers out to the old creditor) does not result in any diminution of the estate."[9]  GMAC argues that this doctrine applies because the Debtors' estate was not diminished – at least to the extent of the $ 40,598.08 paid to First Star – when GMAC recorded the deed of trust since GMAC essentially stepped into the shoes of First Star.

---

[5] The Trustee has challenged the validity of the unrecorded deed of trust on the basis that the deed of trust does not adequately describe the Real Property.  While the Court is inclined to agree that the unrecorded deed of trust is inadequate, a specific finding on that issue is unnecessary in light of the Court's determination that the Trustee may avoid the unrecorded deed of trust pursuant to § 544 and the recorded deed of trust pursuant to § 549.

[6] 11 U.S.C. § 549.

[7] 11 U.S.C. § 541.

[8] *Buckley v. JLD-Wen, Inc.* (*In re Interior Wood Products Co.*), 986 F.2d 228, 231 (8th Cir. 1993).

[9] *McKuskey v. National Bank of Waterloo* (*In re Bohlen Enterprises, Ltd.*), 859 F.2d 561, 566 (8th Cir. 1988).

GMAC cites to several cases in support of its position that the earmarking doctrine may be asserted as a defense to a § 549 action,[10] but when those cases are examined closely, none of them actually applies the earmarking doctrine to insulate any transfers of estate property from avoidance under § 549. The only payments which were (supposedly) shielded from avoidance were payments made directly by third parties to existing creditors, which were not transfers of estate property in the first place. The Court is not aware of any cases that have applied the earmarking doctrine to validate or shield postpetition transfers of estate property, and the Court sees no legal or practical basis to extend its application here. Therefore, the Trustee may avoid the deed of trust GMAC recorded on the Real Property postpetition.

## CONCLUSION

For the reasons stated above, it is

**ORDERED** that the deed of trust in favor of GMAC signed by the Debtors on July 16, 2003, but never recorded is hereby avoided pursuant to 11 U.S.C. § 544. It is

**FURTHER ORDERED** that the deed of trust on the Real Property recorded with the office of the Recorder of Deeds for Barry County, Missouri, on September 21, 2005, is hereby avoided pursuant to 11 U.S.C. § 549.

**SO ORDERED** this 5th day of December, 2006.

/s/ Jerry W. Venters
HONORABLE JERRY W. VENTERS
UNITED STATES BANKRUPTCY JUDGE

A copy of the foregoing was mailed
conventionally or electronically to:
Norman E. Rouse
Thomas J. O'Neal

---

[10] *Musso v. Brooklyn Navy Yard Development* (*In re Westchester Tank Fabricators, Ltd.*), 207 B.R. 391, 397 (Bankr. E.D. N.Y. 1997); *In re Network 90 Degrees, Inc.* 98 B.R. 821 (Bankr. N.D. Ill. 1989); and *In re Price Chopper Supermarkets, Inc.*, 40 B.R. 816 (Bankr. S.D. Cal. 1984).